IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ABU ABDUL AZIZ, *et al.*, ) <br> ) <br> Petitioners, ) <br> ) <br> v. ) <br> ) <br> GEORGE W. BUSH, ) <br> President of the United States, ) <br> *et al.*, ) <br> ) <br> Respondents. ) <br> ) | Civil Action No. 05-CV-1864 (HHK) |

### RESPONDENTS' REPLY TO PETITIONERS' RESPONSE TO ORDER TO SHOW CAUSE WHY WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED

Respondents hereby submit this reply to petitioners' response to the Court's Order to Show Cause dated October 19, 2005 (dkt. no. 8), in which the Court required petitioners to show cause why the above-captioned petition for writ of habeas corpus should not be dismissed. The Court based its Order to Show Cause on respondents' notice that the detainee for whom habeas relief is purportedly sought in this case previously filed a petition for writ of habeas corpus as Abdul Aziz Al Mossary in Sliti v. Bush, No. 05-CV-0429 (RJL), and has been released from Guantanamo Bay through relinquishment of United States custody and transfer to the Government of Egypt. See Respondent's Notice of Multiple Petitions Filed by Guantanamo Bay Detainee (dkt. no. 5). Accordingly, the Court noted that "it is unclear whether the petition for a writ of habeas corpus in this action continues to present a case or controversy under Article III of the Constitution." Order to Show Cause at 1.

Petitioners contend that this case should not be dismissed because respondents have not established that petitioner Abu Abdul Aziz is Detainee ISN 287, given the popularity of

petitioner's name as well as the fact that Isa Ali Al-Murbati, a fellow detainee seeking to act as next friend to Abu Abdul Aziz in this action, identified him as "ISN 278." See Pets' Resp., Ex. 6 ("next friend authorization" by Isa Ali Al-Murbati).  Given the phenomenon of detainees filing petitions purportedly on behalf of other detainees about whom they have little knowledge, and the existence of similar names and aliases of many of the approximately 500 individuals detained at Guantanamo Bay, identifying the detainees for whom habeas relief is sought is often a difficult exercise.  In this case, however, the identification of petitioner Abu Abdul Aziz is clear – Isa Ali Al-Murbati informed his counsel that petitioner Abu Abdul Aziz is an Egyptian confined to a wheelchair, see Pets' Resp., Ex. 7, and Detainee ISN 287, who uses the similar name Abdul Aziz Al Mossary, is the only individual who was detained at Guantanamo Bay who fit this description. The fact that Isa Ali Al-Murbati provided an Internment Serial Number that was very similar to "ISN 287" confirmed respondents' identification of petitioner.[1]  Therefore, because petitioner Abu Abdul Aziz has been properly identified as Detainee ISN 287, who has been released from Guantanamo Bay through relinquishment of United States custody and transfer to the Government of Egypt, the above-captioned petition for writ of habeas corpus is moot, and the Court should dismiss this action.  See Pharmachemie B.V. v. Barr Labs., Inc., 276 F.3d 627, 631

---

[1] Considering that most Guantanamo Bay detainees do not speak English fluently, if at all, it is not surprising that detainees would transpose numerical digits in this fashion. Consequently, identification of petitioners in the Guantanamo detainee habeas cases is never based solely on a proposed Internment Serial Number; rather, a variety of identifying information, (e.g., names, aliases, physical description, geographical origin, etc.), is used to arrive at the proper identification of a habeas petitioner.  In this case, such identifying information pointed squarely toward the detainee designated as "ISN 287," whereas the biographical and physical characteristics of the Guantanamo detainee designated as "ISN 278" do not correspond to the description of the detainee identified by Isa Ali Al-Murbati as the petitioner in this case.

(D.C. Cir. 2002) ("A case is moot if 'events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'") (quoting Clarke v. United States, 915 F.2d 699, 700-01 (D.C. Cir. 1990)); accord Public Util. of the State of Cal. v. Federal Energy Regulatory Comm'n, 236 F.3d 708, 714 (D.C. Cir. 2001) (recognizing that a case becomes moot where events occur while the case is pending that "make it impossible for the court to grant any effectual relief whatever to a prevailing party") (internal quotations omitted). See also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody").

Dated: November 10, 2005  Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

DOUGLAS N. LETTER
Terrorism Litigation Counsel

   /s/ Preeya M. Noronha
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7144
Washington, DC  20530

Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents